## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**WAJID ALI**,                                          :

                Petitioner,                :

                              :          No. 26-cv-3285-JMY

          vs.                                   :

                              :

**JL JAMISON**, in his Official Capacity as     :

Warden of The Philadelphia Federal              :

Detention Center*, et al.*,                              :

                Respondents.

## <u>ORDER</u>

**AND NOW**, this 19th day of May 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 4), it is hereby **ORDERED** that the Petition is **GRANTED** as follows.

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on May 22, 2026**;

3.      If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4.      If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the

Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed.  Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner; and

5.    The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**Judge John Milton Younge**

---

[1]  Petitioner, Wajid Ali, is a native of Pakistan.  (Petition for Writ of Habeas Corpus ("Petition") ¶¶ 3, 18, ECF No. 1.)  Petitioner allegedly left Pakistan and entered the United States on December 6, 2024.  (*Id.* ¶¶ 18-19.)  On December 6, 2024, Petitioner was detained and processed by Customs and Border Patrol officers who interviewed Petitioner and released him on parole.  (*Id.*)  Petitioner submitted an asylum application which remains pending.  (*Id.* ¶ 22.)  Petitioner allegedly resides at 3116 Rawle Street in Philadelphia, Pennsylvania, and he has been present in the United States for approximately one and a half years.  (*Id.* ¶¶ 3, 21.)

There is nothing in the record to suggest that Petitioner was anything but compliant with the conditions of his parole and immigration removal proceedings.  (Government's Response in Opposition to Petition for Writ of Habeas Corpus.)  Petitioner claims that he checked in with ICE at each scheduled appointment.  (Petition (Introduction).)  On May 13, 2026, Petitioner was detained by ICE at his routine ICE check-in.  (*Id.* ¶ 23.)  Petitioner is now in the physical custody of Respondents at the Philadelphia Federal Detention Center.  (*Id.*)  He now faces detention because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have revoked his parole.  When ICE took Petitioner into custody, ICE was, in essence, revoking his parole and choosing to detain him under § 1225(b).  Petitioner alleges that prior to being detained, he had lived in the United States for almost one and one-half years.  (*Id.* ¶¶ 3, 21.)

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been present in the country for a number of years.  The Government candidly acknowledges that the substantial weight of district court authority rejects its argument to the contrary.  (Government's Response in Opposition pages 5-6 (referencing the more than 250 decisions in this district that have rejected the Government's position).)

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue. *See e.g.*, *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243, * 4

(E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No.1, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, \*16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, \*3 (M.D. Pa. November 1, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at \*1-2 (E.D. Pa. Nov. 13, 2025). The Petition is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus making his detention without the opportunity for a bail hearing unlawful. The out-of-circuit appeals decisions adopting the Government's position are unpersuasive to this Court. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).